# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AC DIRECT, INC.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-122-Orl-19UAM**

**MARY A. GRIEDER, KEVIN R. KEMP,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST DEFENDANT KEVIN KEMP (Doc. No. 49)** |
| **FILED:** | **September 4, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff, AC Direct, Inc., moves for an award of attorneys' fees and costs against *pro se* defendant, Kevin Kemp, pursuant to the Copyright Act, 17 U.S.C. § 505, or alternately, pursuant to the Lanham Act, 15 U.S.C. § 1117(a).  Kemp effectively abandoned his defense, resulting in the striking of his answer and entry of default judgment.  See Doc. Nos. 41, 42, 48.  Kemp has not responded to the instant motion.

**I.     ANALYSIS**

Plaintiff's amended complaint included an allegation of copyright infringement against Kemp. Doc. 21 at 9.  As stated above, default judgment has been entered against Kemp, and Plaintiff is a prevailing party.  The Copyright Act provides in relevant part that a court "in its discretion may allow the recovery of full costs . . . [and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.

Fees are not awarded to a prevailing party as a matter of course.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).  Rather, the guiding principle is:

> whether the imposition of attorney's fees will further the interests of the Copyright Act, *i.e.*, by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure "that the boundaries of copyright law [are] demarcated as clearly as possible" in order to maximize the public exposure to valuable works.

*MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842-43 (11th Cir. 1999) (quoting *Fogerty*, 510 U.S. at 526-27).  The Supreme Court has endorsed consideration of the following nonexclusive factors in determining whether fees should be awarded: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Fogerty*, 510 U.S. at 534 n.19.  Further, while a defendant's good faith and the complexity of the legal issues involved "likely would justify a denial of fees to a successful plaintiff, . . . a showing of bad faith or frivolity is not a requirement of a grant of fees."  *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982).

Plaintiff's amended complaint alleges that Plaintiff hired Kemp as an independent contractor to complete the development of the Plaintiff's website.  Doc. 21 at ¶ 26.  After Plaintiff terminated Kemp, Kemp transferred Plaintiff's website domain to his own name, which effectively shut down Plaintiff's business.  Doc. 21 at ¶¶ 29, 31, 34.  Plaintiff claimed copyright ownership of the text and photographs appearing on its website that Kemp misappropriated.  Doc. 21 at ¶¶ 36, 41.

On its face, Plaintiff's claim was objectively reasonable and did not present any novel or complicated legal issues.  As Kemp abandoned his defense, the Court concludes that Kemp did not have an objectively reasonable defense.  The Court finds that the imposition of fees against Kemp will further the interests of the Copyright Act and deter infringement in the future by Kemp and others who may consider similar infringing acts.  As the Court finds that fees are warranted pursuant to the Copyright Act, it does not address Plaintiff's alternate argument for fees pursuant to the Lanham Act.

**IT IS RECOMMENDED THAT:**

1.     The Court grant Plaintiff's motion for entitlement to attorneys' fees pursuant to the Copyright Act; and

2.     The Court direct Plaintiff's counsel to file an affidavit and any other evidence so that the Court may determine the amount of a reasonable fees and costs award.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 2, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Hon. Patricia C. Fawsett
Counsel of Record
Unrepresented Party