UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AC DIRECT, INC.,**

      **Plaintiff,**

-vs-                                                                             Case No.  6:06-cv-122-Orl-19UAM

**MARY A. GRIEDER,**
**KEVIN R. KEMP,**

      **Defendants.**

_____

# ORDER

This case comes before the Court on Plaintiff's Motion for Clarification or Reconsideration (Doc. No. 53, filed Nov. 13, 2007).

## Background and Procedural History

Plaintiff A.C. Direct, Inc. filed a complaint against Defendants Mary Grieder and Kevin Kemp on January 31, 2006. (Doc. No. 1). Plaintiff amended its Complaint on June 15, 2006. (Doc. No. 21). Defendant Grieder was subsequently dismissed from the case. (Doc. No. 46).

The Clerk of Court entered a default against Defendant Kemp on October 30, 2006. (Doc. No. 42). Plaintiff filed a Motion for Default Judgment against Defendant Kemp on August 10, 2007. (Doc. No. 47). Plaintiff's Motion requested a Final Default Judgment for Damages, Costs and a Permanent Injunction. (*Id.*) Plaintiff's Motion referred to an affidavit, which it allegedly attached to the Motion, to support its claim for damages. (*Id.*) However, no such affidavit was included in the Motion. (*Id.*) Plaintiff presented no evidence to support its request for damages. (*See id.*)

The Court issued a Final Permanent Injunction and Default Judgment on August 21, 2007. (Doc. No. 48). However, the Court declined to award Plaintiff damages because there was no

evidence in the record to support such claim. The judgment was final in all respects. (*See id.*) Nearly three months later, on November 13, 2007, Plaintiff filed the instant Motion for Clarification or Reconsideration seeking an award of damages against Defendant Kemp. (Doc. No. 53).

**Standard of Review**

After a court enters a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may set aside or modify such judgment in accordance with the procedures of Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c). Rule 60(b) allows a court correct a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The decision to grant a motion for reconsideration is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir.1993). The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp.2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Reconsideration of a previous order is an

extraordinary remedy to be employed sparingly. *Burger King*, 181 F. Supp.2d at 1369; *Sussman*, 153 F.R.D. at 694.

## Analysis

The Court granted Default Judgment against Defendant Kemp on August 21, 2007. (Doc. No. 48). Because there was no evidence of damages in the record, there was no basis for the Court to grant Plaintiff's request for damages. *See, e.g., Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 n. 9 (8th Cir. 1993) ("[A] party entitled to judgment by default is required to prove the amount of damages that should be awarded."). Therefore, the Court's Order merely entered a final permanent injunction. (Doc. No. 48).

Because the Court's Order was a final judgment, the Court may only modify its Order only for one of the grounds set forth in Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c). Plaintiff's Motion for Reconsideration fails to discuss Rule 60(b) or indicate any basis for the Court to reconsider its prior judgment. (*See* Doc. No. 53). Therefore, the Court denies Plaintiff's Motion for Reconsideration without prejudice and grants Plaintiff ten (10) days from the date of this Order in which to file a new Motion and Memorandum of Law which indicates a proper basis for reconsideration under Federal Rule of Civil Procedure 60(b).

## Conclusion

Plaintiff's Motion for Clarification or Reconsideration (Doc. No. 53) is **DENIED WITHOUT PREJUDICE.** Plaintiff shall have ten (10) days from the date of this Order to file a new motion which indicates why reconsideration is proper under Federal Rule of Civil Procedure 60(b).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 16, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record