**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AC DIRECT, INC.,**

**Plaintiff,**

**-vs-**                                                   **Case No.  6:06-cv-122-Orl-19UAM**

**MARY A. GRIEDER,**
**KEVIN R. KEMP,**

**Defendants.**

_____

## ORDER

This case comes before the Court on Plaintiff's Motion for Reconsideration and Incorporated

Memorandum of Law (Doc. No. 55, filed Nov. 26, 2007).

**Background and Procedural History**

Plaintiff A.C. Direct, Inc. filed a complaint against Defendants Mary Grieder and Kevin

Kemp on January 31, 2006. (Doc. No. 1).  Plaintiff amended its Complaint on June 15, 2006. (Doc.

No. 21).  Defendant Grieder was subsequently dismissed from the case.  (Doc. No. 46).

The Clerk of Court entered a default against Defendant Kemp on October 30, 2006.  (Doc.

No. 42).  Plaintiff filed a Motion for Default Judgment against Defendant Kemp on August 10, 2007.

(Doc. No. 47).  Plaintiff's Motion requested a Final Default Judgment for Damages, Costs and a

Permanent Injunction.  (*Id.*)  Plaintiff's Motion referred to an affidavit, which it allegedly attached

to the Motion, to support its claim for damages.  (*Id.*)  However, no such affidavit was included in

the Motion.  (*Id.*)  Plaintiff presented no evidence to support its request for damages.  (*See id.*)

The Court issued a Final Permanent Injunction and Default Judgment on August 21, 2007. (Doc. No. 48).  However, the Court declined to award Plaintiff damages because there was no evidence in the record to support such claim.  The judgment was final in all respects.  (*See id.*)

Nearly three months later, on November 13, 2007, Plaintiff filed a Motion for Clarification or Reconsideration seeking an award of damages against Defendant Kemp.  (Doc. No. 53).  The Court denied Plaintiff's Motion for Reconsideration without prejudice because Plaintiff's Motion for Reconsideration failed to indicate any basis for the Court to reconsider its prior judgment.  (Doc. No. 54).

Plaintiff filed a new Motion for Reconsideration alleging that its counsel inadvertently failed to include evidence of damages in the first instance.  (Doc. No. 55).  Plaintiff contends that reconsideration is proper under Rule 60(b)(1) because its counsel's oversight amounts to mistake, inadvertence or excusable neglect. (*Id.*)

**Standard of Review**

After a court enters a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may set aside or modify such judgment in accordance with the procedures of Federal Rule of Civil Procedure 60(b).  Fed. R. Civ. P. 55(c).  Rule 60(b) allows a court correct a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The decision to grant a motion for reconsideration is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir.1993). The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp.2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Burger King*, 181 F. Supp.2d at 1369; *Sussman*, 153 F.R.D. at 694.

**Analysis**

The Court granted Default Judgment against Defendant Kemp on August 21, 2007. (Doc. No. 48). Because there was no evidence of damages in the record, there was no basis for the Court to grant Plaintiff's request for damages. *See, e.g., Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 n. 9 (8th Cir. 1993) ("[A] party entitled to judgment by default is required to prove the amount of damages that should be awarded."). Therefore, the Court's Order merely entered a final permanent injunction. (Doc. No. 48). Because the Court's Order was a Final Judgment, the Court may modify its Order only for one of the grounds set forth in Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c).

Plaintiff's argument that its failure to include evidence of damages falls within the purview of Rule 60(b)(1) is not well taken. Rule 60(b) is not intended to cover cases where the party or its

counsel inadvertently forgets to submit evidence, such as the affidavit establishing damages. *E.g.,*

*Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a

litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."); *Lepore v. Vidockler*,

792 F.2d 272, 274 (1st Cir.1986) ("An unexcused failure to produce the relevant evidence before

the entry of judgment is sufficient grounds for denial of a 60(b) motion.").  Reconsideration under

Rule 60(b)(1) is not proper when the only error alleged was an oversight by counsel even if the

result unfairly punishes innocent litigants.  *Cavaliere v. Allstate Ins. Co.*, 996 F.2d  1111, 1115

(11th Cir. 1993).  If an argument could have been made in the first instance, reconsideration is not

proper. *Burger King*, 181 F. Supp.2d  1366, 1369 (S.D. Fla. 2002); *see also Lepore,* 792 F.2d at 274

(denial of motion for reconsideration was not an abuse of discretion when party offered no

explanation as to why evidence was not submitted in the first instance).

Plaintiff offers no basis for its failure to include the evidence in the first instance.  Moreover,

Plaintiff offers no explanation as to why it failed to realize its oversight until almost three months

after the judgment was entered.  Therefore, Plaintiff has failed to meet its burden of establishing a

proper basis for reconsideration of the Court's Order.

### Conclusion

Plaintiff's Motion for Reconsideration (Doc. No. 55) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 28, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party